CASPAR BERRY & another *vs.* JEAN B. PELNEAULT.

Suffolk.    March 13, 1905. — June 21, 1905.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Partnership.*

Participation in the profits of a firm is evidence that the person so participating is a partner, and that the persons managing the business of the firm are his agents.

CONTRACT, on an account annexed, for the price of intoxicating liquors alleged to have been sold to the defendant.    Writ dated February 7, 1903.

At the trial in the Superior Court before *Schofield,* J. the judge refused to order a verdict for the defendant, and submitted the case to the jury.    The jury returned a verdict for the plaintiffs in the sum of $230.90 ; and the judge reported the case for determination by this court.    If upon all the evidence the case should have been submitted to the jury, and if the verdict could be sustained, judgment was to be entered for the plaintiffs for the amount of the verdict and interest from March 25, 1904; otherwise, the verdict was to be set aside, and final judgment was to be entered for the defendant.

*O. Storer,* (*R. H. Benny* with him,) for the defendant.

*E. F. McClennen,* (*H. F. Lyman* with him,) for the plaintiffs.

BARKER, J.    The contention that the sale which created the debt sued on was illegal is not argued and we treat it as waived.

The only question is whether there was any evidence that the defendant was a partner in the firm which bought the goods.

There was abundant evidence that from the beginning of the firm until after the debt sued on had been contracted the defendant was entitled to receive and had one half of the profits of the firm weekly less a small sum.    Participation in the profits of a firm is evidence that the person participating is a partner, and that the persons managing the business are his agents. *Eastman* v. *Clark,* 53 N. H. 276.    Whether the explanation testified to by the witness, that the defendant did not share in the profits as profits, but took them merely under the right of one of

the partners who was his debtor and only as payment of his debt, was true or not was for the jury. There was testimony of contradictory statements on a previous occasion tending to discredit the testimony to that effect of at least one of the witnesses. The jury might well disbelieve the explanation. We have no occasion to discuss the question whether if the explanation stated by the witnesses was true the defendant could have been held as a partner.

*Judgment for the plaintiffs on the verdict.*